# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICKY A. HOTZ,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-850-WDS ) |
| **WARDEN MATHY,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 1). Based on the information provided by Petitioner in his motion, Petitioner's motion to proceed *in forma pauperis* is **GRANTED**. Petitioner, an inmate in the Pontiac Correctional Center brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his conviction in the Third Judicial Circuit Court of the State of Illinois (Madison County).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner states that he was convicted, after pleading guilty, on September 21, 2001. Petitioner further contends that he thereafter moved to withdraw his guilty plea, but his motion was

denied by the trial court. Petitioner states that he appealed that decision, but the trial court was affirmed on direct appeal. Petitioner further states that he sought post-conviction relief from the state trial court, but that this relief was denied on July 18, 2006.

Title 28 U.S.C. § 2244 states that:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed state post-conviction action is pending is not counted towards the 1-year period. 28 U.S.C. § 2244(d)(2).

Giving Petitioner the benefit of the all the time that elapsed between the date of his conviction (September 21, 2001) and the date the trial court denied his post-conviction motion (July 18, 2006), Petitioner had until July 18, 2007, to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant § 2254 petition, however, was not filed until November 28, 2008 - well outside the 1-year limitations period.

Petitioner apparently realizes his § 2254 petition has timeliness issues. Thus, Petitioner contends that there is newly discovered evidence in his case. Title 28 U.S.C. § 2254(d)(1)(D)

2

provides that the 1-year period can run from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of reasonable diligence." In this case, though, § 2254(d)(1)(D) provides no aid to Petitioner because Petitioner asserts that he discovered the "new evidence" on November 3, 2003.

Based on the foregoing, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is summarily **DISMISSED**. All other pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED: March 5, 2009.**

<u>s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**