IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY A. HOTZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 08-cv-00850-DRH-DGW |
| ) | |
| GUY PIERCE, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Currently pending before the Court is a Renewed Motion for Stay and Abeyance filed by Petitioner Ricky Hotz (Doc. 20). For the reasons set forth below, Petitioner's Motion is **DENIED**.

**Background**

On September 21, 2001, Petitioner Ricky Hotz ("Hotz") entered a negotiated guilty plea to one count of felony murder and was sentenced to a term of natural life imprisonment without the possibility of parole in the Circuit Court of Madison County, Illinois (Doc. 23-9).

On April 19, 2004, Hotz filed a combined *pro se* post-conviction petition and petition for relief from judgment pursuant to 725 ILCS 5/122-1 in the Circuit Court of Madison County, Illinois (Doc. 23-9). He asserted that he was entitled to withdraw his plea because (1) newly discovered evidence rendered his conviction unreliable, (2) he had been denied due process because his plea was neither voluntary nor intelligently made, (3) his constitutional right to competent plea counsel had been abrogated through his attorney's failure to quash his arrest and suppress the evidence that was garnered at the time of arrest, and (4) a natural-life sentence was erroneously imposed where the maximum prison sentence that could be statutorily imposed was from 20 to 60 years of imprisonment. *Id*.

On July 19, 2006, the state trial court denied Hotz's post-conviction petition on the basis of *res judicata* and forfeiture and expressly found that his claims of inadequate assistance of plea counsel had failed to present any issue of constitutional magnitude (Doc. 23-9). Hotz appealed the court's decision. *Id.* On February 5, 2008, the Illinois Court of Appeals affirmed the trial court's denial of his post-conviction petition. *Id.*

On November 28, 2008, Petitioner Ricky Hotz ("Hotz") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising the following claims: (1) ineffective assistance of plea counsel; (2) in light of newly discovered evidence, the factual basis for his guilty plea was inadequate; and (3) his plea was not knowing or voluntary (Doc. 23-9).

On April 28, 2010, Hotz filed a Renewed Motion for Stay and Abeyance (Doc. 20). Hotz asks the Court to stay this action so that he may file a successive post-conviction petition in the state trial court to raise the following new claims: (1) error occurred in the charging phase of this case; (2) the trial court judge, assistant state attorney and his public defender were not in compliance with the Supreme Court rules; (3) the public defender's Supreme Court Rule 604(d) certificate was defective in form and substance; (4) error occurred when the trial court judge failed to properly arraign him on all charges contained in the indictment; (5) the trial court judge made inconsistent rulings which rendered the proceedings unfair and prejudicial; (6) the trial court filed to admonish him when he filed an amended pleading; and (7) his trial, appellate and post-conviction counsel were ineffective (Doc. 22).

On May 11, 2010, Respondent Guy Pierce filed a Response to Motion to Stay (Doc. 24). Respondent argues that the request for stay should be denied because Hotz has not filed a successive post-conviction petition and the new claims are meritless, procedurally defaulted and not cognizable for federal review. *Id.*

### Analysis

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that, upon a showing of good cause, district courts may stay habeas petitions containing unexhausted claims and hold them in abeyance pending exhaustion of state remedies if outright dismissal would jeopardize the petitioner's opportunity for any federal review of the unexhausted claims. Therefore, if Hotz had filed a "mixed" habeas petition including both exhausted and unexhausted claims, the court would consider whether holding the case is abeyance was appropriate.

Hotz, however, has not filed a mixed petition. His petition contains claims that were properly exhausted in state court. Hotz did not include in his habeas petition the claims that he wishes to assert in a successive post-conviction petition in state court. Since all of the claims in his habeas petition have been exhausted, *Rhines* is inapplicable and Hotz is not entitled to a stay and abeyance. *See Harper v. Shaw*, No. 08-CV-2293, 2009 WL 2843247, at *4 (C.D. Ill. 2009)(petitioner was not entitled to a stay because he did not file a mixed habeas petition).

### Conclusion

For the reasons stated above, Hotz's Renewed Motion for Stay and Abeyance (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 13, 2010**

                                                      s/ *Donald G. Wilkerson*
                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**