IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICKY A. HOTZ,  )
 )
    Petitioner,  )
 )
v.  )  Case No.: 08-cv-00850-DRH-DGW
 )
GUY PIERCE,  )
 )
    Respondent.  )

**ORDER**

Currently pending before the Court is Petitioner Ricky Hotz's Request/Motion for a Stay and Abeyance of his Federal Habeas Petition (Doc. 31) and Respondent Guy Pierce's Response (Doc. 32).

**Background**

On September 21, 2001, Petitioner Ricky Hotz ("Petitioner") entered a negotiated guilty plea to one count of felony murder and was sentenced to a term of natural life imprisonment without the possibility of parole in the Circuit Court of Madison County, Illinois (Doc. 23-9).

On April 19, 2004, Petitioner filed a combined *pro se* post-conviction petition and petition for relief from judgment pursuant to 725 ILCS 5/122-1 in the Circuit Court of Madison County, Illinois (Doc. 23-9). He asserted that he was entitled to withdraw his plea because (1) newly discovered evidence rendered his conviction unreliable, (2) he had been denied due process because his plea was neither voluntary nor intelligently made, (3) his constitutional right to competent plea counsel had been abrogated through his attorney's failure to quash his arrest and suppress the evidence that was garnered at the time of arrest, and (4) a natural-life sentence was erroneously imposed where the maximum prison sentence that could be statutorily imposed was from 20 to 60 years of imprisonment. *Id.*

On July 19, 2006, the state trial court denied Petitioner's post-conviction petition on the basis of *res judicata* and forfeiture and expressly found that his claims of inadequate assistance of plea counsel had failed to present any issue of constitutional magnitude (Doc. 23-9). Petitioner appealed the court's decision. *Id.* On February 5, 2008, the Illinois Court of Appeals affirmed the trial court's denial of Petitioner's post-conviction petition. *Id.*

On November 28, 2008, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising the following claims: (1) ineffective assistance of plea counsel; (2) in light of newly discovered evidence, the factual basis for his guilty plea was inadequate; and (3) his plea was not knowing or voluntary (Doc. 23-9).

The Court denied Petitioner's previous Motion to Stay (Doc. 28) on December 13, 2010, and his subsequent Motion for Reconsideration of that denial on March 30, 2011 (Doc. 30). In denying his motions, the Court explained that a stay and abeyance is appropriate only where a petitioner has filed a "mixed" habeas petition including both exhausted and unexhausted claims, and because Petitioner's petition did not contain any unexhausted claims he was not entitled to a stay and abeyance (Docs. 28, 30). *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**Analysis**

Petitioner again seeks a stay and abeyance of his federal habeas petition (Doc. 31). In his motion, Petitioner states that he filed a successive post-conviction petition on June 8, 2011 and a Section 2-1401 petition for relief from judgment on May 31, 2011 in state court. Therefore, he believes, he is entitled to a stay and abeyance of his federal habeas petition. His state court collateral attacks apparently raise the following claims: (1) the State did not obtain leave to file an indictment and to dismiss the information; (2) counsel was ineffective for failing to object to the State's failure to seek leave to file the indictment; and (3) the trial court lacked the authority

to ratify the plea agreement because the State did not obtain leave to dismiss the information and file the indictment. Petitioner requests the Court to stay the proceedings so that he may exhaust these claims in state court.

The fact remains, however, that the petition currently before this Court is not a "mixed" habeas petition. Petitioner exhausted all of the claims included in his petition by raising them in his direct appeal, post-conviction proceedings and in his petition for leave to appeal with the Illinois Supreme Court. None of the claims which Petitioner has asserted in his state court proceedings are included in the petition pending before this Court. As explained in the Court's Orders dated December 13, 2010 and March 30, 2011, Petitioner is not entitled to a stay because all of the claims in his federal habeas petition have been exhausted.

Nonetheless, Petitioner has not demonstrated that he is entitled to a stay. Staying a petition and holding it in abeyance should be done only in limited circumstances where: (1) there is good cause for the petitioner's failure to exhaust state claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

Furthermore, petitions for relief from judgment under 735 ILCS 5/2-1401 are not relevant to a federal court's exhaustion analysis as they only address factual issues, not legal or constitutional issues. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 ("petitioner [must] assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings"); *see also United States ex rel. DeFrancisco v. Sigler*, No. 08 C 6656, 2010 WL 1031834, at *8 (N.D. Ill. Mar. 17, 2010) (post-conviction hearing act provides different statutory relief than Section 1-1401).

For the reasons stated above, Request/Motion for a Stay and Abeyance of his Federal Habeas Petition (Doc. 31) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 21, 2011**

$\underline{\hspace{3in}}$
**DONALD G. WILKERSON**
**United States Magistrate Judge**