IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICKY A. HOTZ,**

    **Petitioner,**

    v.

**GUY PIERCE,** *Warden*,

    **Respondent.**                                  **Civil No. 3:08-cv-850-DRH**

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Hotz's motion in opposition to the Court's "sua sponte" Order of denying habeas-corpus petition while district court and state court pleadings/proceedings are still pending (Doc. 43). Specifically, Hotz moves the Court to vacate its March 26, 2013 Order and Judgment denying and dismissing with prejudice his habeas corpus petition (docs. 41 & 42) as he still has pending pleadings in both the district court and litigation in the state court. Hotz contends that the Order and Judgment dismissing his case is premature and that he has not had the opportunity to exhaust all state proceedings. Based on the following, the Court denies the motion.

    On September 21, 2001, Hotz entered into a negotiated plea of guilty to one count of felony murder and was sentenced to a term of natural life imprisonment without the possibility of parole in the Circuit Court of Madison County, Illinois.

    On April 19, 2004, Hotz filed a combined pro se post-conviction petition

1

and petition for relief from judgment pursuant to 725 ILCS 5/122-1 in the Circuit Court of Madison County, Illinois. In those pleadings, Hotz argues that he was entitled to withdraw his plea because (1) newly discovered evidence rendered his conviction unreliable; (2) he had been denied due process because his plea was neither voluntary nor intelligently made; (3) his constitutional right to competent plea counsel had been abrogated through his attorney's failure to quash his arrest and suppress the evidence that was garnered at the time of the arrest, and (4) a natural life sentence was erroneously imposed where the maximum prison sentence that could be statutorily imposed was from 20 to 60 years of imprisonment. On July 19, 2006, the state trial court denied Hotz's post-conviction petition on the basis of *res judicata* and forfeiture and expressly found that his claims of inadequate assistance of plea counsel had failed to present any issue of constitutional magnitude. Hotz's appealed that decision. On February 5, 2008, the Illinois Court of Appeals affirmed the trial court's denial of his post-conviction petition.

On November 28, 2008, Hotz filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims: (1) ineffective assistance of plea counsel; (2) in light of newly discovered evidence, the factual basis for his guilty plea was inadequate; and (3) his plea was not knowing or voluntary. Hotz claims that he filed a successive post-conviction petition on June 8, 2011 and a Section 2-1401 petition for relief from judgment on May 31, 2011 in state court. His state court pleadings raise the following: (1) the State did not obtain leave to file an

indictment and to dismiss the information; (2) counsel was ineffective for failing to object to the State's failure to seek leave to file the indictment; and (3) the trial court lacked the authority ratify the plea agreement because the State did not obtain leave to dismiss the information and file the indictment.

On March 26, 2013, the Court denied and dismissed with prejudice Hotz's habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement (Doc. 41). Thereafter, Hotz filed this motion, once again, arguing that he has filed a successive post-conviction petition on June 8, 2011 and a Section 2-1401 petition for relief from judgment on May 31, 2011 in state court.[1] Therefore, the Court should vacate its Order dismissing with prejudice his habeas petition.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th

---

[1] Hotz raised this same issue four previous times in motions in this case (Docs. 20, 29, 31 & 35). Magistrate Judge Wilkerson denied the motions finding that his petition is not a mixed petition requiring staying the case and it does not contain any unexhausted claims (Docs. 28, 30, 33 & 37).

Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

After reviewing the record again, the Court finds that Hotz neither presented newly discovered evidence nor identified a manifest error of law or fact. His motion merely takes umbrage with the Court's previous rulings and rehashes old arguments that have been addressed numerous times by the Court. In rendering this Order and the Order dismissing with prejudice Hotz's habeas corpus petition, the Court examined the evidence, affidavits and case law submitted by the parties and remains convinced of the correctness of its position. The Court agrees with Magistrate Judge Wilkerson that Hotz's § 2254 petition is not a "mixed" habeas petition and that he has exhausted all the claims included in this petition by raising them in his direct appeal, post-conviction proceedings and in his petition for leave to appeal with the Illinois Supreme Court. None of the

claims contained in his state court proceedings are included in the petition at bar. Thus, the Court rejects Hotz's motion.

Accordingly, the Court **DENIES** the motion in opposition to the Court's "sua sponte" Order of denying habeas-corpus petition while district court and state court pleadings/proceedings are still pending (Doc. 43).

**IT IS SO ORDERED.**

**DATED: November 4, 2013**

Digitally signed by David R. Herndon
Date: 2013.11.04 14:16:32 -06'00'

**Chief Judge
United States District Court**